THE CITY OF INDEPENDENCE v. PURDY.

1. **Municipal Corporations**: NOTICE TO PROPERTY OWNERS: FILLING OF LOTS. A city may, by resolution of its council, require the owners of lots within its limits, upon which water becomes stagnant, to fill the same, and a publication of the resolution in a newspaper of general circulation in the corporation is a sufficient notice of the resolution to enable the city to recover for the filling of the lots, in case the owner fails to do it, in a personal action against him therefor.

*Appeal from Buchanan Circuit Court.*

TUESDAY, JUNE 12.

THE plaintiff is a municipal corporation of the second class, and in July, 1876, the council of said city passed a resolution

directing the owners of certain designated lots in the corporation to fill up or drain the same, and in default of the same being done within ten days from the date of completed publication, or of personal service of the resolution, it was provided therein that the council might cause the same to be done and the cost thereof collected off of the lots or from the owner thereof. The defendant owned one of the designated lots, and failing to comply with the terms and conditions of the reso lution the necessary work was done by the plaintiff, and this action is brought to recover the expense incurred as a personal charge against defendant. The Circuit Court rendered judgment against the plaintiff for costs, who brings the case here by appeal.

*E. E. Hasner*, for appellant.

*Lake & Harmon* and *James Jamison*, for appellee.

SEEVERS, J.—The court made the following findings of fact and conclusions of law:

"That there was no personal service upon the defendant of the resolution of the city council, directing the filling up or draining of the lots in question.

"That the only notice of the passage of the resolution of the council above referred to is one published in the Buchanan Count Bulletin, a newspaper of general circulation in Independence, Iowa, in which notice the lots and blocks are set out by number, in connection with other lots owned by other persons.

"The court finds, as a matter of law, that this notice of publication passed by the city council was not sufficient in law to bind defendant; that nothing but personal service of the resolution of the city council upon the defendant would be notice to him, to create a personal liability against the defendant for the services performed; that the publication of such resolution would only create a lien on the premises, if anything, where the notice was published.

"The court, therefore, renders judgment against the plaintiff for costs of suit."

The Code, Sec. 480, provides that such corporations may by resolution require any lot of land within the city limits, on which water becomes stagnant, to be filled up or drained, and that either a publication of said resolution in some newspaper of general circulation in the corporation, or service of the same on the owner or his agent, is sufficient to enable the corporation, in case the draining or filling up is done by the city, to recover therefor in a personal action against such owner.

<div style="margin-left:2em">1. MUNICIPAL corporations: notice to property owners: filling of lots.</div>

The defendant is an inhabitant and resident of the corporation, and it is settled beyond controversy that he is bound by all valid ordinances passed by the corporation. Dillon's Municipal Corporations, Secs. 289, 290; and it is never required that ordinances take effect only after personal service on the party or parties affected thereby. The establishment of such a rule would be destructive of all city government. Ordinances usually take effect by publication in some newspaper. It would have been competent for the General Assembly to have provided they should take effect and be obligatory when posted up in one or more places in the city, or as to the inhabitants without any publication whatever, unless there be some constitutional objection that could be successfully urged. But it is not required that we should go thus far in order to uphold this resolution.

For some sufficient reason, it must be presumed, the General Assembly has granted the power to corporations of this character to do by resolution what is usually required to be done by an ordinance. Indeed, the same thing under another section of the statute could have been well done by an ordinance.

The resolution is in the nature of an ordinance. Its effect is the same, and such evidently was the intent when the power to pass it was conferred. The notice given is in strict accord with the statute, and unless it be unconstitutional (and this is not claimed,) we are aware of no reason why it should not be held sufficient to warrant a personal judgment against the defendant.

Counsel for defendant insist that the council had no power to pass the resolution because the occasion for the exercise of

the granted power had not arisen, and that the excavation was not in fact a nuisance. No such question however is properly before us, and for this reason we presume has not been discussed by counsel for the corporation.

<div align="right">Reversed.</div>